UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
AJAZ CHEMA, on behalf of himself and all other persons
similarly situated,

                                       Plaintiff,

    -against-                                       **COMPLAINT**

HAQ CONVENIENCE CORP. d/b/a 7-ELEVEN and          *Collective Action*
EHITSHAM HAQ,

                                   Defendants.
-----------------------------------------------------------------------X

Plaintiff, AJAZ CHEMA ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his counsel, the Romero Law Group PLLC, complaining of the Defendants, HAQ CONVENIENCE CORP. d/b/a 7-ELEVEN ("Convenience") and EHITSHAM HAQ ("Haq," together with Convenience as "Defendants"), alleges as follows:

## <u>NATURE OF THE ACTION</u>

1. Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 146 ("NYLL"), as well as for failure to pay spread of hours compensation under the NYLL and 12 N.Y.C.R.R. § 142, failure to furnish accurate wage statements for each pay period under NYLL § 195(3), failure to provide an accurate wage notice at his time of hire under NYLL § 195(1), and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other similarly situated persons during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims

under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.    In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

6.    Plaintiff is a resident of the County of Suffolk, State of New York.

7.    At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2).

8.    At all times relevant, Defendant Convenience is and was a domestic business corporation doing business at 2715 Union Boulevard, Islip, New York 11751, with an address for service of process at 1133 Brookdale Avenue, Bay Shore, New York 11706.

9.    At all relevant times, Defendant Convenience was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to soda, bread, milk, eggs, baked goods, coffee, tea, beer, foodstuffs, beverages, candy, chocolate, potato chips, pens, papers, receipt papers, and other tools, equipment, and materials, all of which undoubtably traveled in interstate commerce, and accepted payment from credit cards and other moneys that originate from out of New York State.

10.     At all times relevant, Defendant Convenience was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and New York Labor Law § 190(3).

11.     At all times relevant, Defendant Haq is and/or was an owner, chief executive officer, and/or manager of Convenience, had authority to make payroll and personnel decisions for Convenience, was active in the day to day management of Convenience, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

## STATEMENT OF FACTS

12.     Plaintiff was employed by Defendants as a store manager in name only from in or about December 2016 through in or about December 2024.  Plaintiff performed non-exempt duties for the Defendants including handling the cash register, stocking shelves, refilling beverage machines, and other general labor around the store, including cleaning and maintaining the premises.

13.     Despite being referred to as the manager for the location, Plaintiff did not have authority to hire or fire employees, nor did he set employee rates of pay.

14.     During the relevant period, Plaintiff was paid at an hourly rate of pay of $16.00 per hour for all hours worked, including those hours worked in excess of forty each week.

15.     During the relevant period, Plaintiff was required to work, and did in fact work, six or seven days per week, Monday through Saturday, and sometimes Sunday, typically from 8:00 a.m. until between 9:00 and 10:00 p.m. each day, for a total of approximately Seventy-Eight to Ninety-Eight hours per week.  Thus, Plaintiff regularly worked in excess of forty hours per week during this period.

3

16.     Throughout Plaintiff's employment, Defendants failed to compensate Plaintiff at the statutorily required overtime rate of one and one-half times his regular hourly rate for any of the hours he worked in excess of forty.

17.     Throughout his employment with Defendants, Plaintiff often worked more than ten hours in a single day.

18.     Defendants failed to pay Plaintiff spread-of-hours pay for each day in which his spread of hours exceeded 10 hours.

19.     Defendants willfully disregarded and purposefully evaded record-keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by Plaintiff and the Collective Action Plaintiffs daily and weekly.

20.     Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA and NYLL.

21.     Defendants failed to provide Plaintiff with an accurate statement with every payment of wages listing the correct number of regular hours worked and the correct number of overtime hours worked in violation of NYLL § 195(3).

22.     Defendants failed to provide Plaintiff upon his hire with an accurate written notice of his regular and overtime rates of pay, and other information required by the NYLL, in violation of the NYLL § 195(1).

23.     By failing to properly detail Plaintiff's actual hours worked and rates of pay received for those hours each workweek, or to provide notice upon hire of his proper regular and overtime hourly rates as required by NYLL §§ 195(1) and (3), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine that he had been underpaid throughout his employment.

4

24.     With no way to know how much he should have been making, Plaintiff worked for approximately eight years without discovering that he had been underpaid nearly every week, which denied Plaintiff not only the time-value of that money, but also resulted in continued actual underpayments.

25.     Plaintiff was further harmed by these violations of NYLL §§ 195(1) and (3) because by not discovering Defendants' underpayments until recently, a large portion of his employment is now beyond the statute of limitations of both the FLSA and NYLL, and thus Defendants have withheld significant amounts of overtime and spread of hours pay that can no longer be recovered.

26.     Defendants treated and paid Plaintiff and the putative collective action members in the same or similar manner and subjected them to the same corporate-wide payroll practices.

## COLLECTIVE ACTION ALLEGATIONS

27.     At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

28.     Plaintiff also brings FLSA claims on behalf of himself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, handling the cash register, stocking shelves, cleaning and/or maintaining the premises, and/or restocking the drink machines at any time during the three (3) years prior to the filing of their respective consent forms.

29.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The

named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

30.     Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms

31.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**(FLSA – UNPAID OVERTIME WAGES)**

32.     Plaintiff and FLSA Collective Action Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

33.     Defendants employed Plaintiff and FLSA Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and Collective Action Plaintiffs for their time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular rate, in violation of the FLSA.

34.     Defendants' violations of the FLSA as described in this Complaint have been willful.  Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

35.    As a result of Defendants' unlawful acts, Plaintiff and each Opt-In Plaintiff are entitled to recover from Defendants unpaid overtime compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**(NYLL – UNPAID OVERTIME WAGES)**

36.    Plaintiff and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

37.    Defendants employed Plaintiff and every Collective Action Plaintiff who opts-in to this action for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate, in violation of the NYLL.

38.    By Defendants' failure to pay Plaintiff and every Collective Action Plaintiff who opts-in to this action overtime wages for hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

39.    Plaintiff and every Collective Action Plaintiff who opts-in to this action are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**(NYLL – SPREAD OF HOURS)**

40.    Plaintiff and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

41.    Defendants willfully failed to pay Plaintiff and every Collective Action Plaintiff who opts-in to this action one additional hour pay at the basic minimum wage rate before

7

allowances for each day where the spread of hours exceeded ten (10) in violation of New York Labor Law.

42.    Plaintiff and every Collective Action Plaintiff who opts-in to this action are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

**FOURTH CLAIM FOR RELIEF**
**(NYLL – WAGE STATEMENTS)**

43.    Plaintiff and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

44.    Defendants failed to furnish Plaintiff and every Collective Action Plaintiff who opts-in to this action with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law § 195(3).

45.    Due to Defendants' failure to provide Plaintiff and every Collective Action Plaintiff who opts-in to this action with the notice required by New York Labor Law §195(3), Defendants are liable to Plaintiff and every Collective Action Plaintiff who opts-in to this action for statutory damages pursuant to New York Labor Law Section 198.

**FIFTH CLAIM FOR RELIEF**
**(NYLL – WAGE NOTICE)**

46.    Plaintiff and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

47.    Defendants failed to provide Plaintiff and every Collective Action Plaintiff who opts-in to this action with accurate written notice of their regular and overtime rates of pay and other information required upon hire in violation of NYLL § 195(1).

8

48.     Due to Defendants' failure to provide Plaintiff and every Collective Action Plaintiff who opts-in to this action with the notice required by New York Labor Law §195(1), Defendants are liable to Plaintiff and every Collective Action Plaintiff who opts-in to this action for statutory damages pursuant to New York Labor Law Section 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)     Unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and supporting United States Department of Labor regulations;

(ii)    Unpaid overtime wages, spread of hours pay and damages pursuant to New York Labor Law § 198, liquidated damages and pre- and post-Judgment interest;

(iii)   Certification of this case as a collective action under 29 U.S.C. § 216(b);

(iv)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(v)     Pre- and post-judgment interest as permitted by law;

(vi)    All attorneys' fees and costs incurred in prosecuting these claims; and

(vii)   Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
July 31, 2026

ROMERO LAW GROUP PLLC

By: _____
Matthew J. Farnworth, Esq.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel. (631) 257-5588
mfarnworth@romerolawny.com
*Attorneys for Plaintiff*

9

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, 7-Eleven, and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case.

X _____
Ajaz Chema

_____
Date